**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 01-50715
_____

IN THE MATTER OF: INTERLOGIC TRACE, INC.,

Debtor.

LOIS ESFORMES, ROBERT SACHS, NIBCO NEVADA, INC., KAREN SACHS,
CLAUDIA SACHS, HOWARD YONET, JOSEPH CORDA, TOMA CORDA, ELIZABETH
J. SAMPSON & ASSOCIATES, YONY PROPERTIES, INC., HENRI YONET, PAUL
YONET, LARRY WAYNE, ANNE WAYNE, NOAM SCHWARTZ, MARION BLACKBURN,
MARY ANN McCAIN, STAN COHEN, CAROL SEIDEN, SACHS LIVING TRUST,
HERBERT H. EVELOFF, M.D., PETER KALTMAN, NEO CONSTRUCTION, INC.,
HERBERT H. EVELOFF, M.D., IRA, FAYE EVELOFF, GARY AUSTIN, GARY
POLLACK, KAY F. GERHARD, and L.F.I. RETIREMENT TRUST,

Appellants,

versus

ASHER B. EDELMAN and INTELOGIC TRACE, INC.,

Appellees.

_____

Appeal from the United States District Court
For the Western District of Texas
(SA-01-CV-82-OG)
_____

May 13, 2002

Before DUHÉ, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Intelogic Trace ("Intelogic") was a New York corporation with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

its principal place of business in San Antonio, Texas. Appellants held a small percentage of subordinated debentures issued by Intelogic. The twenty-nine appellants, which include individual and institutional bondholders, reside in California, New York, Nevada, Arizona, and Oregon.

Intelogic first filed for Chapter 11 bankruptcy on August 5, 1994. On November 28, 1994, a reorganization plan was confirmed that instituted a new board of directors, which did not include co-appellee Asher B. Edelman. Intelogic filed a second petition for Chapter 11 bankruptcy in March 1995. The examiner found that Intelogic had perpetrated fraud on neither the bankruptcy court nor its creditors. In a December 1995 order, the bankruptcy court converted the second bankruptcy petition to Chapter 7. In September 1999, Intelogic became a liquidated entity that has ceased conducting business and has no officers, directors, or employees.

After Intelogic filed the first bankruptcy petition, plaintiffs filed their first amended complaint in October 1994. The first amended complaint alleged six claims against Intelogic and the board of directors as individuals. The claims, all arising out of the debenture offering, were breach of contract, negligence, common law fraud, and three state and federal securities fraud claims. The bankruptcy court granted appellees' motion to dismiss all of the claims and to deny plaintiffs leave to amend. The

district court affirmed the bankruptcy court's rulings in October 1997.  This Court affirmed the grant of the motion to dismiss but reversed and remanded the leave to amend, with directions for the lower court to allow plaintiffs to file an amended complaint alleging a claim based on Intelogic's failure to make interest payments required by the indenture agreement.

On January 31, 2000, the plaintiffs filed a second amended complaint claiming against Intelogic: (1) breach of contract and (2) breach of an implied covenant of good faith and fair dealing; and against Intelogic and Edelman, as an investment advisor to Intelogic: (3) conspiracy to breach an implied covenant of good faith and fair dealing.  The appellees filed a motion to dismiss the second and third claims on the grounds that they (1) exceed the scope of this Court's opinion reversing and remanding and (2) are not recognized under Texas or New York law.  The bankruptcy court granted the motion, and the district court affirmed.  Appellants appeal the affirmation.[1]  There are no disputed factual findings.

The district court reviewed the following bankruptcy court rulings: (1) that appellants' good faith and fair dealing causes of action did not exceed the scope of this Court's previous opinion;

---

[1]

The bankruptcy court's order dismissing the plaintiff's second and third claims was interlocutory because the plaintiff's breach of contract claim remained unresolved.  On November 1, 2000, the bankruptcy court resolved this remaining breach of contract claim by entering default judgment on this claim in the plaintiff's favor.  The defendants have not appealed this default judgment here.  However, the court's November 1, 2000, order resolving this last remaining issue rendered the court's resolution of all three issues final and appealable.

3

and (2) that there was no implied covenant of good faith and fair dealing. The district court found that no implied covenant of good faith and fair dealing existed between the parties, and thus did not reach the first issue. The good faith and fair dealing determinations relating to choice of law and the existence of such a covenant are legal determinations that we review de novo. Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 246 (5th Cir. 1997). We review the denial of leave to amend for abuse of discretion. Id. at 245.

Under Texas choice-of-law rules, which apply the "most significant relationship" test in this instance, Texas law applies to appellants' claims. See Gutierrez v. Collins, 583 S.W.2d 312, 318 (Tex. 1979). Texas law requires a special relationship for a duty of good faith and fair dealing to exist. See English v. Fischer, 660 S.W.2d 521, 524 (Tex. 1983). No special relationship existed between the parties that would support the existence of a duty of good faith and fair dealing.

Having carefully reviewed the record and read the briefs, we AFFIRM the district court's dismissal of the covenant of good faith and fair dealing claims and its denial of leave to amend for essentially the reasons stated in that court's opinion.